IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


HUGO RENE GOMEZ,                    )
                                    )
                Petitioner,         )
                                    )
        v.                          )      1:07CV32
                                    )      1:04CR423-3
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )


### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Hugo Rene Gomez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 92.)[1] Petitioner was indicted for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), possession of cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), and illegal reentry into the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Docket No. 50.) He later pled guilty to the cocaine conspiracy and illegal reentry charges. (Docket Nos. 56, 57.) Petitioner was sentenced to 262 months of imprisonment on the cocaine conspiracy charge and a concurrent 240 months of imprisonment on the illegal reentry charge. (Docket No. 69.)

Following an unsuccessful direct appeal (Docket Nos. 88, 89), Petitioner filed his current motion in this Court. Respondent has filed a response seeking to have the motion denied. (Docket No. 110.) Despite being given an extended period of time to do so,

---

[1]This and all further cites to the record are to the criminal case.

Petitioner has not filed a reply brief.  Petitioner's motion under § 2255 is now before the Court for a decision.

## Discussion

Petitioner raises two possible claims for relief in his motion.  The first, based on the case of United States v. Gonzalez-Lopez, ___ U.S. ___, 126 S.Ct. 2557 (2006), alleges that Petitioner attempted to replace his appointed attorney with private counsel, but that this request was erroneously denied by the sentencing judge.  The second claims that Petitioner was improperly forced into pleading guilty by the threat of a life sentence if he did not immediately sign a plea agreement.

Turning to Petitioner's first claim, Respondent agrees that Gonzalez-Lopez states that a defendant who has the funds to hire counsel generally has a right to hire any otherwise qualified counsel of his choice.  However, Petitioner faces an insurmountable problem in pursuing his current claim.  Gonzalez-Lopez involved a court's erroneous denial of attempts made by a retained attorney to enter a case on behalf of a defendant.  Id., __ U.S. ___, 126 S.Ct. at 2560-61.  Nothing of this sort occurred in the present case.

At Petitioner's sentencing hearing, his attorney informed the sentencing judge that Petitioner wished to speak about some matters that had arisen.  Petitioner and the sentencing judge carried on a lengthy discourse that covers most of twenty-eight pages of the transcript.  (Sent. Tr., Docket No. 83 at 3-31.)  Petitioner claimed that he was innocent and that he had only pled guilty as a result of a rash decision forced by "threats" of trial and life

-2-

imprisonment if he did not plead guilty immediately. (<u>Id.</u> at 4-5, 8-9.) Petitioner made it abundantly clear that he was unhappy in some respects with his appointed attorney. He also stated that he was going to hire an attorney in Texas to defend him, but that he did not do so because his appointed attorney did not send unidentified "paper work" to the attorney in Texas. (<u>Id.</u> at 10-11.) However, Plaintiff's proposed substitute counsel never attempted to enter an appearance on Petitioner's behalf.

Petitioner also never made a motion to substitute counsel signed by his chosen counsel, nor did he ask for time to substitute counsel with an affidavit from the "new" counsel.[2] Petitioner was asked whether he wanted to be allowed to withdraw his guilty plea. He replied, "Yes, sir, and give me a chance to---." (<u>Id.</u> at 11.) The sentencing judge then asked if Petitioner was asking for anything else. Petitioner stated, "No, not at this time, Your Honor." (<u>Id.</u>) He did not ask for a new attorney or time to secure one. Clearly, this is not a case like <u>Lopez-Gonzalez</u> where a defendant's right to counsel was denied by an action or decision of the court. Neither Petitioner, and more importantly, nor did the attorney in Texas ever moved to have the attorney appear in the case. Petitioner's right to counsel claim fails.[3]

---

[2] This is not to say that such a motion would or should have been granted when made at such a late date.

[3] At times, Petitioner appears to blame his appointed attorney for the failure of his and his family's attempts to hire the attorney in Texas. He characterizes this as ineffective assistance of counsel. Specifically, he alleges, with some supporting documentation, that his appointed attorney refused to send "papers" requested by the attorney in Texas. The exact nature of these
(continued...)

Petitioner's second claim for relief alleges that he received ineffective assistance of counsel when his attorney forced him to plead guilty by threatening him with trial and a life sentence. Again, this allegation was discussed at length during Petitioner's sentencing. According to Petitioner, he intended to plead guilty, but first asked if he could speak to his embassy.[4] He was then taken "upstairs" from the courtroom. His attorney came to talk to him and informed him that the prosecutor had stated that if Petitioner did not plead guilty that day, he would take Petitioner to trial. Not only this, but the prosecutor intended to see that Petitioner received a sentence of life in prison. (<u>Id.</u> at 4-5.) Petitioner then pled guilty.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner is not entitled to a

---

[3](...continued)
papers has not been identified. However, Petitioner has not shown that his attorney had any duty to send them, particularly if he would have incurred any costs in sending the documents. To the extent they would involve turning over work product or privileged documents, the request would have been problematic. Documents in the record would have been available to Petitioner's family and the other attorney through the Clerk's Office or by electronic means and could have been obtained without relying on Petitioner's attorney. Finally, to sustain a claim of ineffective assistance, Petitioner must show prejudice. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). He has not done so. Therefore, to the extent that his claim could be construed to be one of ineffective assistance of counsel, it still fails and should be denied.

[4]Petitioner is a citizen of Mexico. (Docket No. 86 at 3.)

hearing based upon unsupported, conclusory allegations. <u>See</u> <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), <u>abrog'n on</u> <u>other grounds recog'd</u>, <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. <u>See</u> <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

Here, Petitioner's allegations do not amount to any error by his attorney. He alleges only that the attorney passed to him a message from the prosecutor. This was not inappropriate, particularly considering the great importance of the message. If the prosecutor intended to withdraw a plea offer and proceed with a trial where Petitioner faced a mandatory life sentence if convicted, this certainly needed to be conveyed to Petitioner so that he could make a decision about whether to plead guilty or face trial. He may not have liked the fact that he had to make an immediate decision on such an important matter, but he did have to make it. He does not explain what his attorney should have done differently in this situation. Indeed, it would have been a serious mistake for his attorney to have failed to pass on the

message.  Petitioner cannot show either an error or prejudice by his attorney, and his second claim for relief also fails.[5]

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 92) be **DENIED** and that Judgment be entered dismissing this action.


_____
United States Magistrate Judge

October 23, 2007

---

[5]Although not entirely clear, Petitioner may also be attempting to expand his claim in his brief to include allegations that his attorney should not have allowed him to plead guilty, that the plea should not have been accepted, and/or that he should have been allowed to withdraw the plea.  Not only would such an expansion of a claim through a brief be improper, the additional claims have no merit.  Petitioner did face mandatory life if convicted because he had two prior federal drug convictions.  (Docket No. 83 at 19; PSR ¶¶ 43, 44.)  He cannot show that he was prejudiced when his attorney allowed him to plead guilty.  He also points to no defects in the Rule 11 plea colloquy which would have caused the presiding judge to reject the guilty plea.  (Docket No. 86.)  Finally, any issues surrounding Petitioner's attempted withdrawal of his plea have already been litigated on direct appeal.  They cannot be relitigated in this forum. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

-6-